ASOCIACIÓN DE BOMBEROS DE PUERTO RICO, INC., demandante y recurrente, *v.* SERVICIO DE BOMBEROS DE PUERTO RICO y RAÚL GÁNDARA, JEFE DE BOMBEROS, demandados y recurridos; ASOC. DE BOMBEROS DE PUERTO RICO, LOCAL NÚM. 1420, ETC., interventora.

*Número:* R-68-145     *Resuelto:* 12 de mayo de 1969

*Nicolás Delgado Figueroa,* abogado de la recurrente; *Rafael A. Rivera Cruz, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del Servicio de Bomberos de Puerto Rico; *Noel de Jesús Mangual,* abogado de la interventora.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Invocando las disposiciones de la Ley Núm. 134 de 19 de julio de 1960, 3 L.P.R.A. sec. 702, que se copia al margen, ([1])

--- 

([1]) "(a) Los empleados del Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo todas sus agencias, corporaciones públicas e instrumentalidades, que en el ejercicio de sus derechos constitucionales se organicen en una agrupación bona fide de servidores públicos con fines de promover su progreso social y económico, el bienestar general de los empleados públicos, y fomentar y estimular una actitud liberal y progresista hacia la administración pública, y promover la eficiencia en los servicios públicos, según lo acredite el Secretario de Trabajo, podrán autorizar al jefe del departamento, agencia o instrumentalidad pública en que trabajen para que descuente de su salario la cantidad necesaria para el pago de las cuotas que les corresponda como miembros de tal agrupación de servidores públicos.

un grupo de bomberos solicitó del Secretario de Trabajo que los certificara como una asociación de empleados creada al amparo de dicha ley. Se denominaron Asociación de Bomberos de Puerto Rico, Local 1420 afiliada a la International AFL-CIO. El 1ro. de mayo de 1962 el Secretario del Trabajo expidió la correspondiente certificación. (²)

El 23 de abril de 1966 un grupo de afiliados a la asociación antes mencionada decidió desligarse de la misma. Constituyeron la Asociación de Bomberos de Puerto Rico, Inc. Con fecha 14 de junio de 1966 iniciaron una acción contra el Servicio de Bomberos. Alegaron que "la Asociación de Bomberos de Puerto Rico, Inc., es una organización obrera organizada de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico y certificada como tal por el Secretario del

---

Todo jefe de departamento, agencia o instrumentalidad pública figurará en las nóminas el importe de las cuotas autorizadas, deduciéndolas del pago de los sueldos de los empleados que así lo autoricen por escrito. El importe de las cuotas será el que certifique el Secretario de la agrupación de servidores públicos correspondiente.

"(b) Las autorizaciones que bajo esta sección hagan los empleados del Gobierno del Estado Libre Asociado de Puerto Rico podrán revocarse un año después de la fecha de su efectividad.

"(c) Cada empleado autorizará descuento de cuotas para no más de una agrupación de servidores públicos, a la vez, para los fines establecidos en esta sección.

"(d) El Secretario de Hacienda, o el funcionario responsable de efectuar el pago de sueldos, en los departamentos, agencias, corporaciones públicas e instrumentalidades, entregará al oficial designado por la agrupación de servidores públicos correspondiente el importe de los descuentos autorizados por los empleados, de acuerdo con esta sección. A tal fin el oficial designado por la agrupación de servidores públicos prestará la correspondiente fianza como custodio de los fondos de la agrupación de servidores públicos."

(²) De conformidad con la autoridad conferídame por La Ley Núm. 134 de 19 de julio de 1960, por la presente acredito que la Asociación de Bomberos de Puerto Rico, afiliada a la Federación Americana del Trabajo y Congreso de Uniones Industriales (AFL-CIO) es una agrupación bonafide de empleados del Servicio de Bomberos organizada con el propósito declarado de promover el progreso social y económico, el bienestar general de los empleados públicos y fomentar y estimular una actitud liberal y progresista hacia la administración pública y promover la eficiencia en los servicios públicos, sin que nada me conste en contrario."

Trabajo de Puerto Rico y autorizada por este último para el descuento de cuotas. . . .''

Solicitaron que se ordenara al Servicio de Bomberos de Puerto Rico que les entregara las cuotas que los bomberos habían autorizado a descontar de sus respectivos sueldos.

La Asociación de Bomberos Local 1420, afiliada a la AFL-CIO solicitó intervenir, alegando que la demandante no estaba acreditada ni certificada por el Secretario del Trabajo de acuerdo con lo establecido en la Ley Núm. 134 de 19 de julio de 1960. Afirmó que estaba acreditada y que la orden a expedirse por el tribunal debía ser al efecto de que el Jefe de Bomberos le entregara las cuotas a ella. Luego de concedida la intervención, compareció el Servicio de Bomberos alegando que no tenía interés alguno en el asunto y que entregaría las cuotas retenidas a la organización que el tribunal determinara.

El tribunal determinó que las cuotas debían entregarse a la asociación interventora, o sea, a la Asociación de Bomberos Local 1420 afiliada a la AFL-CIO. Para llegar a esa conclusión consideró el asunto planteado como una controversia entre uniones obreras rivales. Pero no es así. Aquí la ley aplicable es la anteriormente citada en el escolio 1. Así no son relevantes los casos relacionados con uniones obreras.

■ La asociación organizada por los miembros del Servicio de Bomberos de Puerto Rico en el año 1962, o sea la interventora, no era una unión obrera. Fue organizada como hemos dicho al amparo de lo dispuesto en la Ley Núm. 134 de 19 de julio de 1960, 3 L.P.R.A. sec. 702. De acuerdo con lo dispuesto en la citada ley los empleados que se organizaren en una asociación de acuerdo con los términos de dicho estatuto "podrán autorizar el jefe de departamento, agencia o instrumentalidad pública en que trabajen para que descuente de su salario la cantidad necesaria para el pago de las cuotas que les corresponda como miembros de tal agrupación de servidores públicos." Pero asimismo dispone la ley que "las auto-

rizaciones que bajo esta sección hagan los empleados del Gobierno del Estado Libre Asociado de Puerto Rico podrá revocarse un año después de la fecha de su efectividad." Y además la ley autoriza la organización de más de una asociación con la limitación de que "cada empleado autorizará descuento para no más de una agrupación de servidores públicos, a la vez, para los fines establecidos en esta sección."

▆ Así los empleados del Servicio de Bomberos que se afiliaron con la interventora, Asociación de Bomberos de Puerto Rico, Local 1420 afiliada a la AFL-CIO, organizada en el 1962 podían en cualquier momento, luego de transcurrido un año de haber autorizado que se le descontara la cuota para ser pagada a esta asociación, revocar la misma. En vez de hacerlo expresamente, organizaron la Asociación aquí demandante. Pero de la prueba surge que esta asociación no fue certificada por el Secretario del Trabajo. Se presentó en evidencia una comunicación de este funcionario de fecha 11 de mayo de 1967 en la cual expresa que con fecha 13 de junio de 1966, se le dirigió una carta al presidente de la nueva organización indicándole "la posición del Departamento del Trabajo en cuanto a que habiéndose expedido una certificación a favor de la Asociación de Bomberos de Puerto Rico, no era prudente expedir otra certificación de agrupación *bona fide* de servidores públicos para otra asociación con el mismo nombre aunque a dicho nombre se le añadiera la palabra Inc." *Siendo ello así, no procedía ordenar el pago de las cuotas a la demandante. Pero como un grupo de empleados ha manifestado su intención de separarse de la asociación interventora, es procedente modificar la sentencia en el sentido de que el Servicio de Bomberos entregue las cuotas a la interventora con excepción de aquellos empleados que manifiesten que no están de acuerdo con que se le continúe pagando las cuotas a esta organización y que sean miembros de la asociación interventora por un período en exceso de un año. Se dictará sentencia en los términos antes expuestos.*